UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elizabeth Hintz,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Costco Wholesale Corp.,<br><br>　　　　Defendant. | 2:21-cv-06199-VAP-ADSx<br><br>**Order DENYING Plaintiff's Motion to Remand (Dkt. No. 9)** |

Before the Court is Plaintiff Elizabeth Hintz's ("Plaintiff") "Motion to Remand Case to the Superior Court of California" ("Motion"), filed on August 17, 2021.[1]  Having considered the papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15 and VACATES the hearing set on October 4, 2021 at 2:00 p.m.  For the following reasons, the Court DENIES the Motion.

---

[1] Plaintiff's papers include several references to personally identifiable information, including Plaintiff's birthdate, home address, and sensitive medical information, not to mention attach copies of Plaintiff's medical records.  Plaintiff failed to redact any of this information, as required by the Court's Local Rules, nor did Plaintiff apply for leave to seal any of the papers filed in support of the Motion.  (See, e.g., C.D. Cal. L.R. Nos. 5.2-1, 54-4.3.2; Fed. R. Civ. Proc. 5.2.)  In the interest of justice, the Court hereby orders the Clerk of Court to SEAL the papers filed in support of the Motion.  (Dkt. No. 9.)  **Within 5 days of entry of this Order, Plaintiff shall file a redacted version of her moving papers on the public docket.**

## I. BACKGROUND

On January 29, 2021, Plaintiff commenced an action in the Los Angeles Superior Court against Defendant Costco Wholesale Corporation ("Defendant") for personal injury suffered at the Costco store located at 2001 Ventura Boulevard in Oxnard, California (the "Subject Premises"). Plaintiff alleges she picked up a prescription at the Subject Premises and when leaving, she slipped on a liquid substance on the ground between check-out stations, fell on her buttocks, and was injured. (Compl. ¶¶ 8-12.) There were "no or inadequate cones and signs" warning of the spilled liquid, "nor any employee there to ensure no customer stepped onto the spillage." (Id. ¶ 12.) Plaintiff's Complaint alleges one claim for negligence against Defendant. (Id. at ¶¶ 14-18.) In her prayer for relief, she seeks general and special damages, in addition to prejudgment interest and her costs.

Defendant answered the Complaint in state court on March 8, 2021, then removed the action to federal Court on July 30, 2021. (See Dkt. No. 1.) Defendant removed the action on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Id. at 2.)

Plaintiff filed the instant Motion on August 17, 2021. Defendant filed Opposition to the Motion on September 13, 2021. Plaintiff filed a Reply to the Opposition on September 17, 2021.

## II. LEGAL STANDARD

A defendant may remove any civil action from state court to federal court if the federal court has original jurisdiction. See 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, the Court has jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy

exceeds $75,000.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants.").

Here, the parties do not dispute that they are diverse from each other, as Plaintiff is a citizen of California and Defendant is a citizen of Washington.  They do dispute, however, whether the removal to federal court was timely.

The time limit for removal is set forth in 28 U.S.C. § 1446(b), which provides two thirty-day windows during which a case may be removed to a federal district court within: (1) thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief which such action or proceeding is based thirty days after a defendant receives the initial pleading"; or (2) thirty days after the defendant receives an "amended pleading, motion, order, or other paper from which it may first be ascertained that the case is . . . or has become removable."  28 U.S.C. § 1446(b)(3); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68-69 (1996); Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).  A defendant may remove a case under the second circumstance only "if [the case] is rendered removable by virtue of a change in the parties or circumstances revealed in a newly-filed 'paper.'"  Harris, 425 F.3d at 694. "The bright-line rule under 28 U.S.C § 1446(b)(3) mirrors that of 28 U.S.C § 1446(b)(1) in requiring the information contained in other papers to be 'unequivocally clear and certain' in support of removability."  Barakat v. Costco Wholesale Corp., No. 20-cv-02248-JCS, 2020 WL 3635933, at *4

(N.D. Cal. July 6, 2020) (quoting Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002)).

"The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). The presumption against removal means that "the defendant always has the burden of establishing that removal is proper." (Id.) Moreover, the district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

### III. DISCUSSION

In the Motion, Plaintiff apparently concedes that diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000. Although Plaintiff does not contest the existence of diversity jurisdiction, Plaintiff argues Defendant's removal of the action was improper because it was not timely. (See Mot.) Specifically, Plaintiff argues that the 30-day removal clock started at the latest on June 8, 2021, when Plaintiff produced her medical records to Defendant along with a notification that her doctor recommended spinal surgery, yet Defendant did not remove the action until July 30, 2021. Plaintiff contends her medical records produced on June 8, 2021 reflect that she had "undergone a series of six epidural steroid injections" and she included the only bill she had received to that point: one injection alone cost nearly $31,000. (Id. at 5.) Multiplying

4

that cost times six would show easily Plaintiff's medical expenses exceeded $75,000.

In Opposition, Defendant argues that removal was proper because the Notice of Removal was filed within 30 days of Plaintiff's notification that her damages reasonably would exceed $75,000. (See Opp'n.) Defendant contends it did not learn until June 30, 2021 that Plaintiff's damages likely would exceed $75,000, thereby satisfying the Court's diversity jurisdiction. On that date, Defendant received Plaintiff's subpoenaed medical records, including a recommendation from Dr. Vokshoor that Plaintiff receive a spinal fusion surgery. (See Opp'n; Not. of Removal at 2.) Defendant also points out it was not until July 6, 2021 that it received notice from Dr. Vokshoor that Plaintiff's past medical bills totaled over $42,000. (Not. of Removal at 2.)

"Where medical records include cost estimates or billing information, they may be sufficient to put a defendant on notice that a case is removable." Barakat, 2020 WL 3635933 at *6. Where the medical records do not contain "the cost of past treatment or estimates of the cost of required future treatment," however, they are "insufficient to start the running of the 30-day removal period under § 1446(b)(3)." Id.; see also Stiren v. Lowes Homes Centers, LLC, No. 8:19-cv-00157-JLS-KESx, 2019 WL 1958511, at *3 (C.D. Cal. May 2, 2019) (medical records and interrogatory responses detailing the extent of the plaintiff's injuries were not sufficient to trigger 30-day removal requirement, even if a "simple internet search would have revealed the nature of required treatment and corresponding costs" because under Ninth Circuit precedent a defendant does not have a duty to investigate); State Farm Mut. Auto. Ins. Co. v. Camco Mfg., Inc., No. 3:12-CV-00222-LRH, 2012 WL 3962470, at *3 (D. Nev. Sept. 10, 2012)

5

("Notwithstanding the fact that this case involved a rollover accident . . . the information contained in [the plaintiffs'] medical records does not clearly indicate that the [plaintiffs] sustained such injuries that their personal injury claims would bring this case over the jurisdictional threshold").

In Naranjo v. Walmart, Inc., for example, the court found the plaintiff's medical records were sufficient to put the defendant on notice that the amount-in-controversy requirement was met because the records contained a treating physician's report "clearly stating that [the] [p]laintiff was advised to undergo a surgery, which was to be scheduled soon, that would cost an estimated $250,000." Naranjo v. Walmart, Inc., No. 2:18-CV-10040-RGK (FFMx), 2019 WL 446223, at *3 (C.D. Cal. Feb. 4, 2019).

Conversely, in Barakat, the court found the plaintiff's medical records were not sufficient to put the defendant on notice because they "did not contain billing information." Barakat, 2020 WL 3635933 at *6. Instead, the medical records in Barakat notified the defendant that the plaintiff had undergone one spinal surgery and likely would need further spinal surgery. Id. Based on those records alone, to ascertain whether the $75,000 threshold for diversity jurisdiction to have been met, the defendant would have had to "conduct further inquiry as to the costs of [the] [] past [] surgery and possible costs of his future [] surgery," which is not required. Id.

Here, the Court has reviewed the documents Plaintiff produced on June 8, 2021 and those she produced on June 30, 2021. The Court agrees with Defendant that the June 8, 2021 materials did not put it on notice reasonably that Plaintiff's damages would exceed $75,000. Plaintiff's medical records contained one bill for $1,800 and multiple claim forms to Plaintiff's insurance carrier for bills totaling less than $35,000, without copies

6

of all of the actual medical bills themselves.  The medical records note Plaintiff underwent additional procedures but do not contain any billing information or cost estimates for any of those procedures.  Without actual billing records or even estimated costs Plaintiff would incur as a result of the various procedures she underwent, Defendant was not on notice that Plaintiff's medical damages were likely to exceed $75,000 as of June 8, 2021.  See Naranjo, 2019 WL 446223 at *3; Barakat, 2020 WL 3635933 at *6.  Moreover, Defendant was under no obligation to conduct additional research to determine whether Plaintiff's damages likely would exceed $75,000.  Id.

Likewise, despite Plaintiff's contention that defense counsel was notified that Plaintiff would require "spinal surgery" in February 2021, without providing Defendant any anticipated costs associated with such a surgery, Defendant was not placed on notice in February 2021 that Plaintiff's damages reasonably would exceed $75,000.  Id.

Based on the record before the Court, the 30-day removal clock did not start until at least June 30, 2021.  As Defendant removed this action on July 30, 2021, the removal was timely.  See 28 U.S.C. § 1446(b)(3).

/ / /

/ / /

/ / /

## IV. CONCLUSION

The Court therefore DENIES the Motion to Remand this case to the California Superior Court.

**IT IS SO ORDERED.**

Dated: 9/22/21

                                        Virginia A. Phillips
                                        United States District Judge